CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 05 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOBY KERSHNER, <br>     Plaintiff, | Civil Action No. 7:16-cv-00063 |
| v. | MEMORANDUM OPINION |
| B.A. WRIGHT, et al., <br>     Defendants. | By:  Hon. Michael F. Urbanski <br>        United States District Judge |

Toby Kershner, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming various correctional and medical staff associated with River North Correctional Center ("RNCC"). Plaintiff argues that defendants violated the Eighth Amendment by failing to protect him from another inmate's attack and for deliberate indifference to resultant serious medical needs. Defendants Rose Dulaney, Rachel Wells, Christie King, and Lisa Parks (collectively, "Medical Defendants") filed a motion for summary judgment, arguing that Plaintiff failed to exhaust available administrative remedies. ECF Nos. 34, 42. After reviewing the record, the court finds that the Medical Defendants are entitled to summary judgment because Plaintiff did not exhaust available administrative remedies.[1]

---

[1] A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

VDOC Department Operating Procedure ("OP") 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures.[2] The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions

---

[2] Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities.

2

of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control.

Before submitting a regular grievance, the inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units. If still unsatisfied, an inmate must file a regular grievance within thirty calendar days from the date of the occurrence or incident. Notably, regular grievances that do not meet the filing requirements of OP 866.1, like being filed late, are rejected and returned to the inmate within two working days from the date of receipt.[3] An inmate may appeal an intake decision by sending the grievance and the intake decision to a regional ombudsman within five days of receipt.

Plaintiff filed informal complaints about the attack on March 8, 9, and 11, 2015, and filed regular grievances on March 11 and 18, 2015. However, none of the submissions addressed allegedly deficient medical care. Consequently, Plaintiff fails to establish that he pursued available administrative remedies about the medical care within thirty days of the attack or that administrative remedies were not available. Moreover, there is no unwritten "special circumstances" exception to 42 U.S.C. § 1997e(a) to allow the claims about the medical care to proceed, regardless of any injuries sustained. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1855 (2016). Accordingly, the four Medical Defendants (Rose Dulaney, Rachel Wells, Christie King and Lisa Parks) are entitled to summary judgment pursuant to 42 U.S.C. § 1997e(a), and the case is dismissed as to them.

---

[3] A copy of the intake decision is kept in the inmate's grievance file.

3

ENTER: This 2nd day of December, 2016.

/s/ Michael F. Urbanski
United States District Judge